**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Stephen R. BODELL, Respondent.**

**No. 90–SC–385–KB.**

Supreme Court of Kentucky.

Sept. 6, 1990.

Raymond Clooney, Kentucky Bar Ass'n, Frankfort, for complainant.

Stephen R. Bodell, Paducah, for respondent.

## OPINION AND ORDER

Respondent was charged in one count consisting of two parts: (1) with neglecting a legal matter; and (2) with unprofessional conduct which tends to bring the bench and bar into disrepute for failing to maintain an office, regular office hours or to have an office telephone.

There was evidence that respondent failed to file a petition for dissolution for his client, Mrs. Farmer, after he had accepted payment of the filing fee and partial attorneys fee. A review of the record indicates there was evidence that respondent was requested by his client on at least one occasion to refrain from filing the petition and that his client and her husband had on several occasions attempted to reconcile. Being satisfied with the recommendation of the Board, we find respondent not guilty of neglecting this legal matter.

The Board of Governors found respondent guilty of failing to maintain an office, regular office hours or to have an office telephone and recommend that we issue a public reprimand.

The evidence presented to the Trial Commissioner was that respondent had an office and a listed telephone number and address until he vacated his office in late 1986. The Trial Commissioner found that after that time respondent had no listed telephone number but would give various phone numbers for messages to be left, sporadically returned calls and had irregular contact with his clients. Respondent's clients were unable to contact him at a known office address or known telephone number. The facts in this case do not present a normal, responsible or excusable unavailability, but a flagrant and inexcusable situation where the lawyer involved was not available to his clients. The lawyer's conduct far exceeded the bounds of acceptable professional conduct.

We hereby adopt the decision of the Board of Governors and find the respondent guilty of engaging in unprofessional

conduct which tends to bring the bench and bar into disrepute.

The respondent is publicly reprimanded and directed to pay the costs of these proceedings.

COMBS, GANT and LEIBSON, JJ., concur.

VANCE, J., dissents by separate opinion in which LAMBERT, J., joins.

WINTERSHEIMER, J., dissents. Believes this matter should be disposed of by private reprimand.

VANCE, Justice, dissenting.

Our code of professional conduct does not contain any specific requirements concerning accessibility to clients. If the respondent was inaccessible to any or many clients to such an extent that it could be said to constitute the neglect of legal matters entrusted to him, he could be disciplined for that. But the Board specifically found in this instance that he was not guilty of neglect of a legal matter.

I would not espouse a new rule on accessibility to clients and impose it *ex post facto* on this respondent.

LAMBERT, J., joins in this dissenting opinion.